UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    CASE NO. 19-20535
    HON. DENISE PAGE HOOD

MICHAEL ROVAUGHN STEVENS,

    Defendant.
_____/

**OPINION AND ORDER DENYING
MOTION FOR RECONSIDERATION [#26]**

After Defendant pleaded guilty to mail fraud, the Court sentenced him to a 12-month-plus-a-day term of imprisonment, which was below the applicable Sentencing Guideline range of 15-21 months. Defendant then filed a Motion for Reconsideration, asking the Court to reduce or modify the 12-month-plus-a-day term of imprisonment. Defendant wants the Court to eliminate any term of imprisonment and add the 12-month-plus-a-day period to his 2-year supervised release period. ECF No. 26. The Court treats the Motion for Reconsideration as a motion for reduction of sentence ("Defendant's Motion").

A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. *See United States v. Green,* 405 F.3d 1180, 1184 (10th Cir. 2005) (citations omitted). "A

district court does not have inherent power to resentence defendants at any time." *See United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). 18 U.S.C. §3582(c) provides only three jurisdictional grants under which a court may modify a term of imprisonment once it has been imposed: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons;" (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;" or (3) in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. §3582(c)(1)(A), (c)(1)(B), (c)(2).[1] In the instant matter, it is clear that neither option (1) nor option (3) is relevant to Defendant's Motion.

With respect to option (2), there is no statutory authority for modification of Defendant's sentence, except as described above, and Defendant's Motion does not satisfy the criteria required under Rule 35. Pursuant to Rule 35, this Court can reduce a previously imposed sentence in only two circumstances: (a) within 14 days of the date of sentencing, for arithmetical, technical, or other clear error, or (b) upon a motion by the government as the result of substantial assistance being provided by the defendant. Although Defendant filed his motion within 14 days of the date of

---

[1] A district court also may modify a defendant's sentence following a remand from the Court of Appeals, *see* 18 U.S.C. §3742(g), or to correct clerical errors. *See* Fed.R.Crim.P. 36. Neither provision is relevant in this case.

Judgment (but more than 14 days after his sentencing hearing), Defendant's Motion is not a motion to correct the sentence based on arithmetical, technical or other clear error. And, the government has not moved this Court to reduce Defendant's sentence.

For the reasons set forth above, the Court concludes that it has no jurisdiction or authority to reduce Defendant's sentence. Accordingly, Defendant's Motion for Reconsideration [ECF No. 26] is DENIED.

IT IS SO ORDERED.

Dated: May 8, 2023                    s/Denise Page Hood
                                      DENISE PAGE HOOD
                                      UNITED STATES DISTRICT JUDGE